Joseph Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
2244 Faraday Avenue, Suite 121
Carlsbad, CA 92008
Telephone: (858) 215-4064
Facsimile: (866) 583-8115

Attorneys for Objector Dawn Weaver

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DAWN WEAVER

     Plaintiff,

vs.

TAMAR DAVIS LARSEN and ARAN
EISENSTAT, on behalf of themselves and
all others situated, TRADER JOE's
COMPANY, a California Corporation,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   **'14 CV 1565 GPC WVG**

USDC CAND Case No. 11-CV-05188
(WHO)

**NOTICE OF MOTION AND MOTION
TO QUASH DEPOSITION SUBOENA
OF DAWN WEAVER;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
THEREOF**

Date:
Time:
Place:
Judge:

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

    PLEASE TAKE NOTICE that on _____, 2014, at the United

States District Court for the Southern District of California located at 221 West

Broadway, San Diego, California, unnamed class member DAWN WEAVER will and

hereby does move the Court for an Order quashing her deposition subpoena.

    This motion is based upon violations of Federal Rules of Procedure 45, 23 and 26

because the subpoena seeks to discovery irrelevant material, and is calculated to

burdensome and harassing to class counsel's own client, an unnamed class member.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        This motion is supported by the attached memorandum of points and authorities, upon the pleadings and records herein, and upon such other and further evidence as may be adduced at the hearing of this matter.

                                        LAW OFFICES OF DARRELL PALMER PC


Dated:   June 27, 2014                  By: /s/ Joseph Darrell Palmer
                                             Joseph Darrell Palmer

                                        Attorney for Objector Dawn Weaver

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case has settled, pending final approval.  Discovery concluded many months ago.  This court held a preliminary approval hearing on December 4, 2013.  At that hearing the Court expressed concerns over certain aspects of the settlement and the parties revised the agreement and notice documents in keeping with the court's concerns.  On February 6, 2014, this Court granted preliminary approval of the settlement.  (Dkt. 82)  A final approval hearing is scheduled for July 9, 2014.

Class member Dawn Weaver is an unnamed class member who responded to the invitation contained in the class notice and filed objections to the proposed settlement.  (Dkt. 98)  In retaliation and without notice or any attempt to meet and confer, class counsel served a deposition subpoena on Ms. Weaver.  A copy of Class Counsel's subpoena is attached to the Declaration of Darrell Palmer.   Class counsel have offered no reasons why her deposition might benefit the Court during the final approval process.

The deposition subpoena is improper for several reasons.  First, Class Counsel must obtain permission from the Court prior to taking discovery from an unnamed class member.  They did not.  Second, the discovery sought is plainly irrelevant to the case, since it has already settled.   Fed. Rules Civ. Proc. 26(b)(1) requires discovery must be relevant to a party's claims or defenses.  Any discovery sought after a case settles cannot possibly be relevant to claims or defenses.  Third, we can assume the discovery was served after the discovery cut-off, again, since the case has settled.  Class counsel can offer no proof to justify this discovery.  This notice is oppressive and malicious, designed only to defy congressional mandate and deter class objectors from improving the value of the settlement for the class as a whole.

## II.   LEAVE OF COURT IS REQUIRED BEFORE DEPOSING AN UNNAMED CLASS MEMBER

Ms. Weaver is an unnamed class member who objected to the proposed settlement.  After she filed her objection, Class Counsel noticed her deposition**.**  Serving a deposition

3

subpoena at this stage is procedurally improper and a clear abuse of process because Class Counsel did not obtain permission for this discovery from the Court:

> The Court is clear to the view that discovery proceedings, such as the proposed interrogatories, are improper, directed as they are to members of the class who are not named plaintiffs. . . . It is not intended that member of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for the rule would fail. . . . Interrogatories addressed to members of the class should not be permitted.

*Fischer v. Wolfinbarger* (W.D.Ky. 1971) 55 F.R.D. 129, 132.  This approach accords with the rationale of Rule 23:

> It would be incompatible with the rationale of Rule 23, an undue burden upon the members of the class, unnecessary, and unjustifiably dilatory to permit the proposed interrogatories at this stage of the case. . . . Interrogatories submitted to the class [should] be authorized only upon a strong showing of necessity or at least of likely material aid in the resolution of common issues.  This is not such a case.

*Gardner v. Awards Marketing Corp.* (D.Utah 1972) 55 F.R.D. 460, 462-63.  The court in *Clark v. Universal Builders* (7th Cir. 1973) 501 F.2d 324, agreed that a strong showing of necessity must be made before allowing discovery from unnamed class members:

> In appropriate circumstances absent class members may be propounded written interrogatories on a showing that the information requested is necessary to trial preparation and that the interrogatory is not designed as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants.  **The party seeking discovery has the burden of demonstrating its merits.**

*Clark,* 501 F.2d at 340 (emphasis added).  In the present case, there is no trial preparation, since the case has settled.  The deposition can therefore not be "necessary to trial preparation."  Nor has there been any showing of the possible merits of the proposed discovery; to the contrary, the timing of the subpoena suggests it is intended to intimidate

4

a legitimate class objector, or "reduce the number of claimants." The Ninth Circuit has also adopted this approach: "A defendant does not have unlimited rights to discovery against unnamed class members; the suit remains a representative one. . . . The district judge may reasonably control discovery to keep the suit within manageable bounds, and to prevent fruitless fishing expeditions with little promise of success." *Blackie v. Barrack* (9th Cir. 1975) 524 F.2d 891, 906 n.22.

Demanding discovery of an absent class member is particularly egregious in light of the fact that Class Counsel purport to represent absent class members. Thus the discovery is aimed not at a distant a third party; rather, Class Counsel is seeking discovery from their own client, a class member. The only "success" they might achieve here would be to scare off an objector, a result flatly incompatible with the purpose of Rule 23. In fact, courts do not distinguish between plaintiffs' counsel and defense counsel when insisting on a showing of need: *See, e.g., In re Carbon Dioxide Industry Anti-Trust Litigation* (M.D.Fl. 1993) 155 F.R.D. 209, 212 ("Absent a showing of such particularized need, the Court will not permit general discovery from passive class members. . . . The Court has determined, above, that non-representative class members **shall not be subject to discovery** absent a showing of a particularized need for information that cannot be obtained from class representatives.") (emphasis added).

The Ninth Circuit's recent decision in *Laguna v. Coverall*, 12-55479, 2014 WL 2465049 (9th Cir. June 3, 2014) is not relevant here. In that case the court approved a settlement which by its terms required objectors be available for depositions. *Laguna*, at *6 ("The district court also did not abuse its discretion in approving the settlement term that objectors be available for depositions.") As such, arguably the parties had already sought leave of court to conduct discovery on unnamed class members. The Ninth Circuit's opinion focused on the overall fairness of the proposed settlement; a motion to quash a deposition subpoena served without leave of court was not under consideration. The Ninth Circuit found the district court did not abuse its discretion in approving the settlement based on the totality of the circumstances. Id. ("The district court considered

5

the totality of the circumstances when it concluded that a deposition of Singh was appropriate.") *Laguna* can thus be distinguished because the settlement agreement in that case required objectors be available for depositions; that is not the case here.

It is plain from a review of the subpoena that no showing of relevance or need has been made; in fact, such showing should be made to the Court prior to demanding discovery from unnamed class members. Because this showing was not made, and leave of court was not granted prior to issuance of the subpoena, the subpoena is invalid and must be quashed.

## III. THE DEPOSITION SUBPOENA IS INVALID BECAUSE IT SEEKS IRRELEVANT MATERIAL

Rule 26 provides, "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…" F.R.C.P. 26(b)(1). Subject to final approval, this case is settled. Accordingly, no information from an unnamed class member can be relevant to claims made in the complaint.

Class Counsel doesn't seek information relevant to any party's claims or defenses. Included within Class Counsel's subpoena was a request for the production of documents. Each of the seven requests is unreasonable, irrelevant, unduly burdensome and seeks privileged attorney client communications and attorney work product.

For example, the first, second and third document requests seek:

1.      All documents reflecting or memorializing any retainer agreement or other agreements (including any drafts) that You have entered into with JEFF M. BROWN, PATRICK SWEENEY, DARRELL PALMER or any attorney regarding the TRADER JOE'S LAWSUIT and/o the filing of Your OBJECTION.

2.      All documents reflecting or memorializing any retainer agreement or other agreements (including any drafts) that You have entered into with JEFF M. BROWN, PATRICK SWEENEY, DARRELL PALMER or any attorney regarding any other legal

matter, including but not limited to the filing of an objection to any class action lawsuit settlement.

3.      All Documents related to the TRADER JOE'S LAWSUIT, including, but not limited to, Your OBJECTION and any drafts thereof, any claim submitted by You or on Your behalf, and communications between You and any other objector or anyone representing any other objector.

The information sought constitutes confidential and privileged communications pursuant to California Business and Professions Code §6149 and information protected by attorney client privilege and attorney work product privilege.  Neither of these requests have any relation to claims or defenses in this lawsuit.

The other document requests seek information regarding the objector's past involvement in other unrelated lawsuits, including:

4.      All Documents related to any class action settlement that You have filed or has been filed on Your behalf or, or that You (or Your law firm, if applicable) have filed on behalf of others.

5.      All Documents reflecting or memorializing any change to any class action settlement that You (or Your law firm, if applicable) obtained as a result of any objection You (or Your law firm, if applicable) made.

6.      All Documents reflecting, memorializing or relating to any relief obtained as a result of an objection You have filed to any class action settlement, including but not limited to injunctive relief or monetary damages.

7.      All Documents reflecting, memorializing or relating to any monetary relief You have received as a result of filing an objection to any class action settlement, or provided to You (or Your law firm, if applicable) for the withdrawal, dismissal or other resolution of any objection to any class action settlement, or withdraw [sic] of any appeal from a court's ruling on any objection to a class action settlement, including, but not limited to, all motions, petitions and

7

court orders approving of any resolution or withdrawal of your
objection.  See., e.g., Fed. R. Civ. P. 23(e)(5)

The improper nature of these requests is highlighted when viewed within the
framework of Federal Rule of Civil Procedure 26(b)(1).  Any document responsive to this
request would offer no support to any of the claims or defenses in this lawsuit.  And if
this information were related, as a practical matter they would still be irrelevant because
the lawsuit has settled.

Service of the deposition subpoena on Ms. Weaver constitutes an abuse of
discovery process to harass and intimidate this objector.  If Class Counsel are permitted
to subject objectors to burdensome and irrelevant inquisitions, surely the burden of
complying with time consuming discovery requests will serve to deter all legitimate input
and criticism.

## IV.    THE REQUEST IS UNDULY BURDENSOME AND SEEKS PRIVILEGED MATERIALS

Rule 45 of the Federal Rules of Civil Procedure **requires** the court to quash a
subpoena that (iii) requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or (iv) subjects a person to undue burden.  F.R.C.P.
45(3)(A)(iii) and (iv.)

Here, the information sought falls squarely within each of these two categories.  As
noted, some of the document production requests seek privileged attorney client
agreements.  (see California Business and Professions Code §6149.)  The subject matter
of the remaining requests bears no relation to the merits of the underlying lawsuit.

Class Counsel is attempting to dissuade objectors from participating in these
proceedings.  Requiring a non-party objector to attend a deposition and produce
documents which provide information unrelated to the claims in the lawsuit and protected
by privilege would certainly allow them to achieve that goal.  Considering the nature of
the requests and the posture of the case, this request is unduly burdensome and promises

8

no fruitful evidence toward the prosecution of Class Counsel's claim.  Accordingly, this court must quash Class Counsel's subpoena.

## V.     THE REQUEST FOR DISCOVERY IS PREMATURE

The final approval hearing is still pending.  Here, the court will have an opportunity to evaluate objections, and the litigants will have an opportunity to participate and argue.  Should the court determine there is a need for further development of facts, this court may then allow discovery.

## VI.    THE COURT HAS A DUTY TO PROTECT THE OBJECTION PROCESS

Objectors play a vital role in the review of class action settlements.    "Objectors can encourage scrutiny of a proposed settlement and identify areas that need improvement.  They can provide important information regarding the fairness, adequacy, and reasonableness of the settlement terms." *Pallister v. Blue Cross and Blue Shield of Montana*, 285 P.3d 562, 568 (Mont. 2012).  Despite the important role objectors play in the class action process, "[C]lass action lawyers may try to fend off interlopers who oppose a proposed settlement as insufficiently generous to the class; and given the role of such interlopers in preventing cozy deals that favor class lawyers and defendants at the expense of class members, their requests for fees must not be slighted." *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.).

Recently, Justice Posner issued another important opinion underscoring the important role played by objectors.  In *Eubank v. Pella Corp.*, 13-2091, 2014 WL 2444388 (7th Cir. June 2, 2014), Justice Posner observed:

> In this case, despite the presence of objectors, the district court approved a class action settlement that is inequitable—even scandalous. The case underscores the importance both of objectors (for they are the appellants in this case—without them there would have been no appellate challenge to the settlement) and of intense judicial scrutiny of proposed class action settlements.
> *Eubank*, at *3.

9

The court should be mindful that discovery of absent class members is inconsistent with Rule 23's purposes and should only rarely be permitted. *See, e.g., Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556-56 (11th Cir. 1986). "Courts have allowed discovery to be taken from unnamed class members . . . when the information requested is relevant to the decision of common questions, the discovery is tendered in good faith and not unduly burdensome or harassing, the discovery does not require expert, technical or legal assistance to respond, and is not available from the representative parties." *Boynton v. Headwaters, Inc.*, 2009 WL 3103161, No. 1-02-111-JPM-egb, at *1 (W.D. Tenn. Jan. 30, 2009). Courts have questioned the need for depositions when objections are pending. For example, in *Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, No. 10-CV-4165, at *2 (E.D.N.Y. Jul. 18, 2012), the Court denied class counsel's request to depose the objector, reasoning that the Federal Rules of Civil Procedure require a "strong showing" of need to depose an absent class member, and that such a showing was absent where the bases for the objector's objections were clear. *Cf. Trombley v. Bank of America Corp.*, 2011 WL 3740488, Civ. No. 08-cv-456-JD, at *5 (D.R.I. Aug. 24, 2011) (declining to order depositions and discovery of objectors).

## VII.   THIS COURT MUST IMPOSE SANCTIONS

Rule 26 of the Federal Rules of Civil Procedure states that when an attorney signs and verifies a request for discovery, they warrant that the request is:

> (i)   consistent with these rules and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

> (ii)   not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

> (iii)   neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

10

Rule 26 goes on to say, "If a certification violates this rule without substantial justification, the court… must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Rule 26(g)(3). Class Counsel was not granted permission by the court to inquire about this information – likely because their request would most certainly be denied. Their attempt is not only procedurally improper, but it is also being used for an improper purpose. Wherefore, this court must impose sanctions. This objector respectfully requests that this court grant reasonable attorneys' fees to defend against this attempted abusive wielding of the courts power by class counsel.

## VIII.  CONCLUSION

In the unique setting of class action settlements, the Court becomes the fiduciary for the class. Many Courts welcome reasoned criticism of these settlements and are mindful of the important role played by objectors in improving the fairness of class action settlements. The court should protect this role by preventing discovery intended to chill class members' right to object.

As such, this objector respectfully requests this court to quash the deposition subpoena. Moreover, this malfeasance warrants sanctions and the moving party requests attorneys' fees for its forced participation in petitioning this court to stop this abuse of process.

LAW OFFICES OF DARRELL PALMER PC

Dated:  June 27, 2014           By: /s/ Joseph Darrell Palmer
                                Joseph Darrell Palmer

                                Attorney for Objector Dawn Weaver